RECORD NO. 15-4633

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LEONARD BENJAMIN,

*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF MARYLAND
BALTIMORE DIVISION

(HONORABLE RICHARD D. BENNETT, U.S.D.J.)

---

**OPENING BRIEF OF APPELLANT
LEONARD BENJAMIN**

---

Susan A. Hensler
ATTORNEY AT LAW
Suite 200
1340 Smith Avenue
Baltimore, Maryland 21209
(410) 925-5675
susie.hensler@outlook.com

*Counsel for Appellant*

**LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477
A Division of Lantagne Duplicating Services**

## TABLE OF CONTENTS

<u>Page</u>

Table of Authorities ...................................................................... ii

Jurisdictional Statement ................................................................1

Statement of the Issues.................................................................1

Statement of the Case ..................................................................1

Summary of Argument..................................................................9

Standard of Review ....................................................................10

Argument....................................................................................10

      A 19-year sentence was procedurally unreasonable because, at sentencing, the district court did not explain why a sentence of that length was warranted given the inflated significance of the drug trafficking conspiracy in this case (as well as Mr. Benjamin's role within it) and as the exaggerated significance of Mr. Benjamin's criminal history ...........................................................................10

Conclusion .................................................................................17

Statement Regarding Oral Argument ..........................................17

Certification of Compliance with Rule 32(a)(7)..........................18

Certificate of Filing and Service .................................................19

# TABLE OF AUTHORITIES

## CASES

Page

Rita v. United States,
    551 U.S. 338 (2007)..........................................................................11

Gall v. United States,
    552 U.S. 38 (2007)......................................................................10, 11

United States v. Green,
    436 F.3d 449 (4th Cir 2006) ......................................................10, 12

United States v. Lynn,
    592 F.3d 572 (4th Cir. 2010) ...........................................................10

United States v. Mendoza-Mendoza,
    597 F.3d 212 (4th Cir. 2010) ...........................................................17

United States v. Montes-Pineda,
    445 F.3d 375 (4th Cir. 2006) ......................................................11, 12

United States v. Moreland,
    437 F.3d 424 (4th Cir. 2006) ...........................................................12

## STATUTES

18 U.S.C. § 1291 ..................................................................................1

18 U.S.C. § 3553 ...........................................................................10, 16

18 U.S.C. § 3553(a) ..................................................................10, 11, 16

18 U.S.C. § 3553(a)(1)........................................................................14

18 U.S.C. § 3553(c)(1).........................................................................11

18 U.S.C. § 3742 ..................................................................................1

21 U.S.C. § 841(a)(1) .................................................................................2

21 U.S.C. § 846 ....................................................................................1, 2

## SENTENCING GUIDELINES

U.S.S.G. § 3B1.1 ..................................................................................15

U.S.S.G. § 3B1.1(a) .........................................................................12, 13

U.S.S.G. § 3B1.1(c) ...............................................................................13

U.S.S.G. § 4A1.3(b) .............................................................................2, 3

U.S.S.G. § 4A1.3(b)(2) ...........................................................................5

U.S.S.G. § 4A1.3(b)(3) ...........................................................................5

U.S.S.G. § 4A1.3(b)(3)(B) ......................................................................5

U.S.S.G. § 4B1.1 ...........................................................................2, 3, 5

## RULES

Fed. R. App. P. 4(b) ................................................................................1

Fed. R. Crim. P. 11(c)(1)(C) ..................................................................2

## JURISDICTIONAL STATEMENT

The district court's jurisdiction over this federal criminal case arose under 21 U.S.C. § 846. The district court sentenced the defendant on October 23, 2014, and entered a final judgment on that same day. Joint Appendix (hereinafter "J.A.") at 115. Leonard Benjamin filed a timely notice of appeal on October 19, 2015.[1] J.A. at 133. This Court has jurisdiction pursuant to 18 U.S.C. § 1291 and 18 U.S.C. § 3742.

## ISSUES ON APPEAL

Was the sentence procedurally and substantively unreasonable?

## STATEMENT OF THE CASE

On January 30, 2014, Leonard Benjamin was charged in a two-count indictment with conspiracy to distribute and possess with intent to distribute 100

---

[1] A notice of appeal was not filed within 14 days of the judgment as required by Rule 4(b) of the Federal Rules of Appellate Procedure. *See* J.A. at 12. Several months later, however, the appellant filed a *pro se* motion to vacate the sentence, on the grounds that retained counsel failed to file a notice of appeal following the sentencing hearing, as requested. J.A. at 121-27. On March 31, 2015, the district court then ordered the government to file a response to appellant's filing. J.A. at 128. On April 13, 2015, the government advised the district court that it would favor granting the motion to vacate the sentence for the limited purpose of permitting the appellant to file a notice of appeal. J.A. at 129-30. On October 9, 2015, the district court entered an Order granting appellant's motion, and permitting a 30-day extension of the deadline to file a notice of appeal. J.A. at 131-32.

grams or more of heroin, in violation of 21 U.S.C. § 846, and possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1). J.A. at 14-16. The indictment also charges two co-defendants, Marquita Taleer Davis and Darlene Towanda Lee. *Id.*

On July 8, 2014, Mr. Benjamin was charged in a three-count Superseding Indictment with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and with two counts of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1). J.A. at 17-20. Mr. Benjamin is the sole defendant named in the Superseding Indictment. *Id.*

On July 11, 2014, Mr. Benjamin pleaded guilty Count One of the Superseding Indictment, pursuant to a plea agreement. J.A. at 22. Mr. Benjamin entered his plea pursuant to an agreement concluded under Federal Rule of Criminal Procedure 11(c)(1)(C). J.A. at 26. Pursuant to the plea agreement, the parties agreed that an appropriate custodial sentence in this case was a term of 168 months (14 years) to 252 months (21 years) of incarceration. J.A. at 26. The parties also reserved the right to dispute whether the defendant qualified as a career offender under U.S.S.G. § 4B1.1. J.A. at 201. Mr. Benjamin also reserved the right to argue for a downward departure on the basis of overrepresentation of his criminal history category, pursuant to U.S.S.G. § 4A1.3(b). *Id.* At sentencing, the

2

district court imposed a term of incarceration of 228 months (19 years), to be followed by five years of supervised release. J.A. at 116-17. He now appeals his sentence.

At sentencing, the district court found that the appropriate offense level under the advisory Sentencing Guidelines was thirty-five (35) after credit for acceptance of responsibility. J.A. at 76. The district court also found that Mr. Benjamin met the criteria for a "career offender" under U.S.S.G. § 4B1.1, and, for that reason, fell within a Criminal History Category VI. J.A. at 77.

In both his written and oral sentencing presentation, counsel to Mr. Benjamin argued that the advisory sentencing guidelines range in this case (1) exaggerated Mr. Benjamin's criminal history, and, (2) inflated the significance of the drug trafficking conspiracy in this case, as well as Mr. Benjamin's role within it.

Mr. Benjamin first argued for a downward departure pursuant to U.S.S.G. § 4A1.3(b) on the basis of overrepresentation of his criminal history. J.A. at 78-82. Mr. Benjamin pointed out to the district court that Mr. Benjamin pleaded guilty "to three separate felony drug charges all on the same day". J.A. at 78. His attorney argued that the arrests in the three cases fell in short succession—July 4, 2003; November 11, 2003; and February 11, 2004. J.A. at 78-79. He also pointed out that each drug distribution arrest involved a relatively small quantity of controlled

3

substances—fifty-one (51) gel-caps of heroin, 22 gel-caps of heroin, and 21 small bags of cocaine, respectively. J.A. at 78-80. Defense counsel offered that, in his time as a prosecutor in Baltimore City, "30 pieces of cocaine or heroin or below would be treated as a misdemeanor or an attempt possession or attempt distribution crime". J.A. at 79.

Mr. Benjamin was only 19 years old at the time of these three arrests, J.A. at 78-79, and, at such a young age, defense counsel asserted that the appellant was under the mistaken belief that these consolidated cases represented "only one criminal conviction and not three." J.A. at 79. Mr. Benjamin remained under the impression that he only had one prior felony conviction until the pendency of the instant offense, when the U.S. Probation Office returned a pre-plea investigation report reflecting three separate convictions. J.A. at 80-81. Mr. Benjamin also argued that the instant offense represented his first conviction in "almost a ten-year span," a fact which also militated in favor of a finding of overrepresentation. J.A. at 82.

The government, for its part, argued that a Criminal History Category VI "seems to be a fair construction of the defendant's criminal history." J.A. at 85. He argued that Mr. Benjamin pleaded guilty to three separate offenses, minimizing the importance of the short timeframe. J.A. at 84-85. The prosecutor also argued

that, given that the presentence report contained no demonstrable work history, "it appears that Mr. Benjamin just become [*sic*] a larger drug distributor." *Id.*

Ultimately, the district court found that a downward departure was warranted. At the crux of its ruling was a finding that "this series of convictions here in 2003, from July of 2003, November of 2003, into February of 2004, just in a period of less than six months, we would up getting nine criminal history points here." J.A. at 86. But, noting "certain limitations" contained in U.S.S.G. §§ 4A1.3(b)(2) and (3),[2] the district court granted a downward departure of only one criminal history level. J.A. at 86. The district court thereby reduced the advisory sentencing guideline range from 292-365 months to 262-327 months. J.A. at 87. The court then continued:

> Mr. Benjamin, to the extent that there's some concern about the quality of your representation in these earlier cases, that's already been dealt with here. That has absolutely no effect on the sentences you're receiving here.
>
> And I just want to make sure you understand that you're getting the benefit of that now here. It just doesn't -- whatever was or wasn't done in those three cases with respect to the state charges does not affect the abundantly clear facts of this case to which you pled guilty. J.A. at 88.

---

[2] U.S.S.G. § 4A1.3(b)(3)(B) states that "[t]he extent of a downward departure under this subsection for a career offender within the meaning of §4B1.1 (Career Offender) may not exceed one criminal history category."

Defense counsel, for its part, ultimately recommended that the district court impose a term of imprisonment of 14 years of incarceration. J.A. at 102. Defense counsel argued in its sentencing memorandum and at sentencing that the application of the "drastic" four-level leadership enhancement in the instant case was not warranted by the facts of the case. Counsel did not lodge a formal objection to the application of this role enhancement in the presentence report because it was an agreed-upon term of the plea agreement. J.A. at 65. At sentencing, however, defense counsel made clear that he raised the argument because it served as "mitigation" which favored the imposition of the recommended 14-year sentence. J.A. at 65. Defense counsel relied on an argument that "no specific facts are alleged by the Government" which would support the four-level enhancement. J.A. at 138.

> Often times you see this courtroom or you see major drug organizations, eight, nine, ten people. You see the violence. You see the guns. You see all of that. Your Honor, I would equate this more or less to a smaller mom or pop in terms of a business, meaning, one, Mr. Benjamin would go up there and he had the connection.
>
> Then the ladies would come, get the drugs, go back. And some of 'em would even sell. I believe Ms. Lee was actually on the streets selling the drugs, Your Honor.
>
> You don't see where Mr. Benjamin is dealing with eight, nine, ten different other individuals, that he has all these other individuals doing -- selling the drugs for him. What you see is you see him and his connection with Ms. Lee, Your Honor.

Now, does that make it any better? No. But it's not the drug organization that we often see over here on the federal side, Your Honor.

The one thing that I know the Court has already looked at and the Government has talked about, there's no violence. J.A. at 99.

Defense counsel's 14-year recommendation was also grounded in the mitigating circumstances of Mr. Benjamin's upbringing: he was raised without a father, shot on two occasions in adolescence, and mentored by the adults around him, who were largely involved in the drug trade. J.A. at 96. Despite a troubled upbringing, defense counsel emphasized the appellant's positive traits. At age 30, Mr. Benjamin was an involved father to his four children, and a committed partner to their mother. J.A. at 97. Mr. Benjamin moved his family to suburban Maryland "to give [his] children the opportunity that [he] didn't have." J.A. at 97. While his partner worked a full-time job as a nursing assistant, Mr. Benjamin assumed responsibility for raising their children, "making sure that they were in school, making sure that they were picked up." J.A. at 98.

Defense counsel argued that a 14-year sentence would allow Mr. Benjamin to be released at in his early 40s. J.A. at 100. Mr. Benjamin would be released at a time that his twin sons—age 2 at the time of sentence—would be able to play an active role in their lives. J.A. at 100.

The government ultimately recommended a sentence of 252 months (21 years). J.A. at 91. The government justified its recommendation by arguing that the instant offense represented a "large-scale drug trafficking". J.A. at 91. The government emphasized what it described as the "sophistication" of the operation, highlighting that "other people" insulated Mr. Benjamin from much of the behavior in the operation by "keeping the drugs in their house[s]" and "driving the drugs for him." J.A. at 92. The government also focused on "callous disregard for the welfare" of Mr. Benjamin's co-defendant drug traffickers, J.A. at 94. It also argued that the offense conduct warrants incapacitation of Mr. Benjamin for "at least his adult life of being a drug trafficker in [Baltimore] city, but also sends a message of significant deterrence to other people." J.A. at 95.

After hearing sentencing arguments from both parties, the district court imposed a 19-year term of incarceration. J.A. at 110. The court stated that the adjusted advisory sentencing guideline range of 262 to 327 months was "absolutely unreasonable and is far in excess of what is necessary." J.A. at 108. But the district court noted that a sentence of that length would have some deterrent value, albeit minimal.[3] The court also noted that a 19-year sentence would have minimal

---

[3] "The sentence hopefully deters others, but I doubt it. There's no press coverage here. This will be buried in the *Baltimore Sun* with about three sentences somewhere perhaps tomorrow. So there's no question this is not going to have any

value in terms of incapacitation because the district court judge did not "really think that the public needs to be protected from the defendant." J.A. at 108.

In justifying its sentence, the court emphasized that "this defendant has just been an absolute drug dealer his entire life with literally no employment of any kind". J.A. at 108. It noted that Mr. Benjamin was age 30 with no high school education or employment, and that the offense conduct represented his "fourth felony conviction involving the distribution of drugs." J.A. at 110. With respect to the "nature and the circumstances of the offense," the court noted only that "this was a significant heroin conspiracy involving heroin coming down from New York to the streets of Baltimore," and emphasized its non-violent in nature. J.A. at 108-09. The district court stated that its sentence was tailored to release Mr. Benjamin from prison at age 50 when he would "finally be able to move on with his life." J.A. at 109.

## **SUMMARY OF THE ARGUMENT**

The sentence was both procedurally and substantively unreasonable. The district court did not fully acknowledge the principal arguments offered by defense counsel in favor of a lower sentence—i.e., that Mr. Benjamin's unfairly exaggerated criminal history and an unnecessary "role enhancement" improperly

---

great deterrence upon the community, given the level of heroin trafficking in the City of Baltimore." J.A. at 107.

inflated his advisory sentencing guidelines range.  The sentencing record does not establish why the longer sentence the district court imposed, rather than the shorter one recommended by defense counsel, was the only one that satisfied the purposes of sentencing under 18 U.S.C. § 3553.

## STANDARD OF REVIEW

Mr. Benjamin argued for a lower sentence at sentencing than the one he received, thus preserving his claim of procedural and substantive sentencing error on appeal.  *See United States v. Lynn*, 592 F. 3d 572, 581 (4th Cir. 2010). This Court reviews the sentence under an "abuse of discretion" standard.  *Id., see also Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Green*, 436 F.3d 449, 456 (4th Cir 2006).

## ARGUMENT

**A 19-year sentence was procedurally unreasonable because, at sentencing, the district court did not explain why a sentence of that length was warranted given the inflated significance of the drug trafficking conspiracy in this case (as well as Mr. Benjamin's role within it) and as the exaggerated significance of Mr. Benjamin's criminal history.**

This Court's first task in reviewing Mr. Benjamin's sentence is to "ensure that the [trial] court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an

explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51; 18 U.S.C. § 3553 (c) (1) (requiring that a court, when imposing a sentence upon a criminal defendant, state in open court the reasons for imposing that particular punishment). In *Rita v. United States*, the Supreme Court described the importance of this procedural step, stating that "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." 551 U.S. 338, 356 (2007); *Gall*, 552 U.S. at 50 (stating that district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing").

This Court emphasized the importance of a sentencing court's duty to provide an adequate statement of reasons for its sentencing determinations in *United States v. Montes-Pineda*, 445 F.3d 375 (4th Cir. 2006). "District courts are obligated to explain their sentences, whether those sentences are within or beyond the Guidelines range." *Id*. at 380. In imposing a criminal sentence, a sentencing court's "explanation must be elaborate enough to allow an appellate court to effectively review the reasonableness of the sentence.'" *Id*. In particular, the explanation for the sentence must demonstrate that the court fulfilled two tasks: first, that it considered the § 3553(a) factors with respect to the particular defendant; and, second, that it considered any potentially meritorious argument

11

raised by the parties at sentencing. *Id.*, *see also United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006) ("A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding.") (citations omitted); *Green*, 436 F.3d at 455 (stating that under § 3553(c), sentencing courts must "in every case give the reasons for the sentence imposed").

At sentencing, defense counsel argued that the four-level role enhancement incorporated into the advisory sentencing guidelines range exaggerated the scope of the drug conspiracy in this case, as well as Mr. Benjamin's role within it.

U.S. Sentencing Guideline § 3B1.1(a) states "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels." The commentary associated with this guideline instructive. Application Note 4 to the "Aggravating Role" enhancement stated the following:

> In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as 'kingpin' or 'boss' are not controlling. *Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.* There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or

conspiracy. This adjustment does not apply to a defendant who merely
suggests committing the offense.

*Id.* (emphasis added).

The "background" section included in the guideline commentary to this role
enhancement also militates in favor of a lower sentence, stating that "[i]n relatively
small criminal enterprises that are not otherwise to be considered as extensive in
scope or in planning or preparation, the distinction between organization and
leadership, and that of management or supervision, is of less significance than in
larger enterprises that tend to have clearly delineated divisions of responsibility.
This is reflected in the inclusiveness of § 3B1.1(c)."

Defense counsel, in its sentencing memorandum, argued that the government
failed to allege sufficient facts to warrant the application of the four-level
enhancement only applicable to "organizer[s] or leader[s]" of criminal history. He
emphasized the relatively limited scope of this conspiracy—with only two alleged
co-conspirators—rather than "major drug organizations, eight, nine, ten people"
typically at the center of a federal narcotics conspiracy alleging a four-level
"leader/organizer" enhancement.

In this case, omitting the four-level role enhancement in this case functioned
to  sharply decrease  the advisory guideline range from  a range of 262-327 months

to 168-210 months; indeed, the bottom of the revised range directly coincided with the defense counsel's sentence recommendation of a term of incarceration of 168 months.

The district court, however, in reciting its sentence, did not touch at all on the defense counsel's argument that, under the facts of this case, a four-level role enhancement—without a sound basis in fact—erroneously inflated the advisory sentencing guidelines range applicable to the case. Indeed, the district court at sentencing touched only very briefly on the organizational structure of this conspiracy. Rather, the district court, in examining the "the nature and the circumstances of the offense" under 18 U.S.S.C. § 3553(a)(1), the district court stated only that "this was a significant heroin conspiracy involving heroin coming down from New York to the streets of Baltimore." J.A. at 108. Because the district court did not directly consider Mr. Benjamin's argument that the erroneous application by factoring in a four-level role enhancement without a sound basis in fact, the guideline range in this case was erroneously inflated. That lack of explanation renders the sentence procedurally unreasonable.

At sentencing, defense counsel also argued in sentencing mitigation that a fourteen-year term of imprisonment was a more appropriate disposition of the case given the nature of Mr. Benjamin's criminal history. He emphasized the non-violent nature of his client's criminal history. J.A. at 99 ("The one thing that I

14

know the Court has already looked at and the Government has talked about, there's

no violence.")  In briefing, he also argued that "a 14-year sentence would be more

just under these circumstances," J.A. at 137, emphasizing that the same-day

consolidation of Mr. Benjamin's three prior convictions for drug distribution—the

three convictions grounding Mr. Benjamin's designation as a "career offender"—

strongly weighed in favor a lower sentence.

Indeed, district court agreed with the argument that the career offender

guidelines unnecessarily inflated the advisory guideline range in this case, stating

that the range to be "absolutely unreasonable" and "far in excess of what is

necessary."  Indeed, in weighing the proper calculation of the advisory sentencing

guidelines in the case, the district court had already made a finding that a career

offender designation overrepresented Mr. Benjamin's criminal history.  But, in so

doing, the district court noted that "certain limitations" in Chapter Four of the

Sentencing Guidelines Manual limited its downward departure to only one one

criminal history level.  J.A. at 86.  Troublingly, however, it seems that the district

court then gave improper weight to the "limitations" found in U.S.S.G. § 3B1.1.

After finding that a one-level reduction in Mr. Benjamin's criminal history was

appropriate, the district offered the following:

> "just so the record is clear, Mr. Benjamin, *to the extent that there's
> some concern about the quality of your representation in these earlier*

*cases, that's already been dealt with here. That has absolutely no effect on the sentences you're receiving here.*

And I just want to make sure you understand that you're getting the benefit of that now here. It just doesn't -- whatever was or wasn't done in those three cases with respect to the state charges does not affect the abundantly clear facts of this case to which you pled guilty." J.A. at 88 (emphasis added).

As a result, in its analysis of an appropriate sentence under 18 U.S.C. § 3553, the district court failed to acknowledge defense counsel's argument that his criminal history warranted a much lower sentence. Instead, the district court signaled that a one-level downward departure had already factored in that argument, and did not revisit this important argument in favor of a lower sentence. In failing to explain the propriety of a longer sentence of 19 years—even after the court itself stated that it did not "think that the public needs to be protected from this defendant," J.A. at 108—renders the sentence procedurally unreasonable.

The sentence is likewise substantively unreasonable. To determine whether a sentence is substantively reasonable, courts of appeal must examine the totality of the circumstances and ask whether the sentencing court abused its discretion in applying the factors in 18 U.S.C. § 3553(a). *See United States v. Mendoza–Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

In this case, a 19-year sentence is longer than necessary to achieve the purposes of sentencing. A sentence of that length is not warranted by the

16

completely non-violent nature of this drug conspiracy and what the court itself agreed were the mitigating nature of Mr. Benjamin's criminal history. The fact that the district court emphasized the limited deterrent value of this sentence also demonstrates that a substantial sentence was unnecessary here.

## CONCLUSION

Leonard Benjamin asks the court to vacate his sentence and remand for a new sentencing hearing.

Respectfully submitted,

/s/ Susan A. Hensler
Susan A. Hensler
ATTORNEY AT LAW
Suite 200
1340 Smith Avenue
Baltimore, Maryland 21209
(410) 925-5675
susie.hensler@outlook.com
Counsel for Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Benjamin requests oral argument so that the issues presented herein may be more fully developed.

## **CERTIFICATION OF COMPLIANCE WITH RULE 32(A)(7)**

I hereby certify that:

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   This brief contains <u>3,999 words</u>, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii);

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   This brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word in Times New Roman, 14 point font</u>.


/s/ Susan A. Hensler
Susan A. Hensler
*Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on March 22, 2016, I filed the foregoing Opening Brief of Appellant and Joint Appendix with the Clerk of Court via hand delivery and electronically using the Court's CM/ECF filing system, which will automatically serve an electronic notice of the filing to the following registered users of ECF:

Michael C. Hanlon
Office of the United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
michael.hanlon@usdoj.gov
Counsel for Appellee

/s/ Susan A. Hensler
Susan A. Hensler
*Counsel for Appellant*